# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRACY SENIA-BODDEN,

    *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

Case No. 13-CV-11840

DISTRICT JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT COMMISSIONER'S MOTION TO DISMISS
(Doc. 5)

    This matter is before the undersigned magistrate judge pursuant to an order of reference filed April 24, 2013. (Doc. 3.) On July 1, 2013, Defendant filed the instant motion to dismiss contending that Plaintiff's filing of his complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is proceeding *in propria persona*, filed a response to the motion. (Doc. 7.) The motion is therefore ready for Report and Recommendation.

    Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

The limitation set forth in § 405(g) is not jurisdictional and, thus, is subject to equitable tolling in the appropriate case. "[I]n the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). In determining whether to apply equitable tolling, courts are to consider the following factors: (1) plaintiff's lack of actual notice of the filing requirement; (2) plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the legal requirement for filing one's claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d

432, 437 (6th Cir. 2007). Equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 560-61 (6th Cir. 2000).

In the instant case, the Appeals Council denied Plaintiff's request for review on February 8, 2013. (Doc. 5 at Ex. 1, Herst Decl. ¶ 3(a).) Plaintiff's complaint should have been filed within 65 days, i.e., on or before April 14, 2013. Therefore, Plaintiff's complaint, which was filed on April 24, 2013, is untimely.

I suggest that the circumstances of this case do not warrant equitable tolling. Plaintiff contends that she never received the notice from the Appeals Council but "only received a letter from my attorney over a month later explaining I was den[i]ed." (Doc. 7 at 2.) Plaintiff contends that by the time she received her attorney's letter, dated February 28, 2013 (Doc. 1 at 1), it was too late, "not allowing me time to respond within the 60 days." (Doc. 7 at 2-3.) In addition, Plaintiff indicates that she called her attorney and "by the time he got back to me it was already to[o] late." (Doc. 7 at 2.)

According to Plaintiff's own allegations, she did have actual notice of the deadline within the 60-day period, i.e., by early March, which gave her more than a full month to meet the deadline. Plaintiff failed to ask for an extension or file a bare-bones complaint, despite being aware of the deadline. I suggest that Plaintiff's one call to her attorney and to the social security office does not show due diligence in pursing her claim, nor does it show reasonableness on her part. I therefore suggest that equitable tolling should not apply and that Plaintiff's untimely complaint should be dismissed.

3

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion be **GRANTED** and that the case be **DISMISSED.**

                                                         s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: January 30, 2014                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on counsel of record via the Court's ECF System, and served by first class mail on Tracy Senia-Bodden, 344 Laurent Lane, White Lake, MI, 48383.

Date:  January 30, 2014        By     s/Patricia T. Morris
                                                 Law Clerk to Magistrate Judge Binder